(137 La., . . ; 69 South., p. 847.)

————o————

No. 6332.

## NATIONAL SURETY CO. vs. CRESCENT CITY MANUFACTURING COMPANY.

### Syllabus.

1. Where the original judgment itself shows affirmatively that the same was never signed, thus contradicting a recital in the minutes that such judgment was signed, such physical fact, apparent on the face of the record, must prevail over the minutes.

2. The Court will notice *ex officio* that a final judgment is not signed, and dismiss an appeal therefrom *ex proprio motu.*

3. As no appeal lies from a final judgment until signed, it follows that an appeal may be taken therefrom by motion, without citation, at the same term at which such judgment was signed, even though rendered at a prior term of Court.

Judgment dismissing the intervention affirmed. Defendant's appeal dismissed and case remanded.

Appeal from the Civil District Court, for the Parish of Orleans, Divisions "A" and B," No. 108,596. Honorables T. C. W. Ellis and F. D. King, Judges.

Grant & Grant, for plaintiff and appellee.

C. I. Denechaud, A. J. Rossi, for defendant and appellant.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

Judgment was rendered herein against defendant, December 16th, 1914. The minutes of the Court recite that the judgment was signed on January 4th, 1915, but the original judgment in the cause shows on its face that it was not signed on said day, nor any other day.

We think such physical fact affirmatively shown by the judgment itself must prevail over the recital of the minutes. And as no appeal lies from a final judgment until it is signed, the appeal of defendant must be dismissed **ex proprio motu** and the cause remanded for further proceedings according to law.

> **Chartier vs. Police Jury, 9 An., 42; Bird vs. Bird, 23 An., 262.**

J. V. Roca intervened herein; judgment dismissing his intervention **was rendered** at a term of Court ending June

30th, 1914, and **signed** at another term beginning October 15th, 1914. He appealed by motion during the latter term.

Plaintiff moves to dismiss his appeal on the ground that it was not taken at the same term at which the judgment was rendered and no citation was issued.

As no appeal lay from said judgment until it was signed, it follows that the appeal might be taken by motion, without citation, at the same term at which the judgment was **signed.** The motion to dismiss must therefore be denied.

Cooley vs. Seymour, 9 La., 74.

To the petition of intervention plaintiff filed a plea of **res judicata** based upon the following facts: In a **concursus** proceeding plaintiff's liability to defendant was fixed. Thereupon plaintiff appealed and the judgment as between them was affirmed. (See **Rohm vs. Jallans, 134 La., 113.**) This was conclusive, and the intervenor cannot in a subsequent proceeding increase the amount of that liability as he herein seeks to do.

It is therefore ordered that the judgment herein rendered June 29th, 1914, and signed October 19th, 1914, dismissing the intervention of J. V. Roca, be affirmed; and that the appeal herein taken by the defendant be dismissed and the case remanded for further proceedings according to law; each appellant to pay his own costs of appeal.

Opinion and decree, April 19th, 1915.